HOTEL DEMPSEY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16430, 26171, 27084.   Promulgated February 29, 1932.

*S. B. Pack, Esq., J. C. Murphy, Esq.,* and *A. P. Dawson, C. P. A.,* for the petitioner.

*T. M. Mather, Esq.,* for the respondent.

**OPINION.**

MATTHEWS: The petitioner in the instant proceeding is claiming that it was affiliated with the Midland City for the tax years in controversy. Section 240 (b) of the Revenue Act of 1918 provides:

(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

Section 240 (c) of the Revenue Act of 1921 is similar to this provision and section 1331 (a) (b) of that same act provides:

(a) That Title II of the Revenue Act of 1917 shall be construed to impose the taxes therein mentioned upon the basis of consolidated returns of net income

and invested capital in the case of domestic corporations and domestic partnerships that were affiliated during the calendar year 1917.

(b) For the purpose of this section a corporation or partnership was affiliated with one or more corporations or partnerships (1) when such corporation or partnership owned directly or controlled through closely affiliated interests or by a nominee or nominees all or substantially all the stock of the other or others, or (2) when substantially all the stock of two or more corporations or the business of two or more partnerships was owned by the same interests * * *.

Counsel for the petitioner contends that an affiliation existed because the business of the petitioner and the Midland City constituted an economic unit and the same interests who owned over 99 per cent of the stock of the petitioner and owned approximately 54 to 80 per cent of the stock of Midland City controlled the balance of the stock of the latter corporation.

As far as the Act of 1917 is concerned, since it is clear that these interests did not *own* the minority stock, affiliation for so much of the fiscal year ending March 31, 1918, as falls within the calendar year 1917 must be denied.

As to the remaining years, there is no doubt that the corporations were operated as an economic unit and that Block and the other stockholders of the petitioner constituted the same interests. We must, therefore, determine whether these interests " controlled " the minority stock of the Midland City. Counsel for petitioner does not contend that Block and his associates had any legal control over the stock of the minority stockholders, but that Block had actual and practical control and sets forth in his brief a number of factors to establish that control. It is true that a number of the Circuit Courts have held that actual or practical control is sufficient to entitle the corporations to affiliation under the 1918 Revenue Act. However, since the hearing of this proceeding the Supreme Court of the United States, in the case of *Handy & Harman* v. *Burnet*, 284 U. S. 136 has held that the word " control " as used in section 240 of the Revenue Act of 1918 means legally enforceable control of the stock, saying:

The purpose of §240 was, by means of consolidated returns, to require taxes to be levied according to the true net income and invested capital resulting from and employed in a single business enterprise even though it was conducted by means of more than one corporation. Subsection (b) clearly reflects the intention, by means of such returns, to secure substantial equality as between shareholders who ultimately bear the burden. That intention is shown by the legislative history and was given effect by the regulations contemporaneously promulgated. It requires no discussion to show that such returns will not make against inequality or evasion unless the same interests are the beneficial owners in like proportions of substantially all of the stock of each of such corporations. *Alameda Investment Co.* v. *McLaughlin*, 28 F. (2d) 81; *Montana Mercantile Co.* v. *Rasmussen*, 28 F. (2d) 916. *Commissioner*

v. *Adolph Hirsch & Co.*, 30 F. (2d) 645, 646. *Commissioner of Internal Revenue v. City Button Works*, 49 F. (2d) 705. Affiliation on any other basis would not make against inequality or evasion. It would require very plain language to show that Congress intended to permit consolidated returns to depend on a basis so indefinite and uncertain as control of stock without title, beneficial ownership or legal means to enforce it. Control resting solely on acquiescence, the exigencies of business or other considerations having no binding force is not sufficient to satisfy the statute.

Since it is clear that Block and the other stockholders of the petitioner did not have any legal control over the stock of the minority stockholders in Midland City, and that the same interests were not the beneficial owners in like proportions of substantially all of the stock of both corporations, the petitioner and the Midland City are not entitled to file affiliated returns.

*Judgment will be entered under Rule 50.*